UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DENNIS NELSON,

                             Plaintiff,

    -v.-                                                      9:07-CV-1241
                                                                         (TJM)(RFT)

ELIOT SPITZER; DAVID ROCK, Superintendent,
Great Meadow Correctional Facility; P. BRADY,
Correctional Officer, Great Meadow Correctional
Facility, BRIAN FISCHER; RICHARD POTTER;
J. GUMLAW; M. CLEVELAND; *et al.*,

                             Defendants.

---

APPEARANCES:

DENNIS NELSON[1]
94-B-0694
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

**DECISION and ORDER**

**I.**     **Background.**

       Presently before the Court is complaint, together with an *in forma pauperis* application, filed by plaintiff Dennis Nelson, who is presently incarcerated at the Great Meadow Correctional Facility. Dkt. No. 1. Plaintiff also requests injunctive relief. Dkt. No. 4.

       As is more fully discussed below, plaintiff must pay the $350.00 filing fee in full, and

---

[1] Plaintiff has filed twenty-two other civil rights actions in this District. Several of plaintiff's filings relate to the medical condition of his leg. *See Nelson v. Lee, et al.*, 9:05-CV-1096 (NAM)(DEP); *Nelson v. Roberts*, 9:06-CV-0518 (GLS)(DRH); and *Nelson v. Smith, et al.*, 9:06-CV-0477 (GLS)(GHL).

submit an amended complaint, before this action may be permitted to proceed.

**II.     Discussion.**

    **A.  *In forma pauperis* application**

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*.[3] *See id.* Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

In the present case, the Court finds that plaintiff's financial status would qualify him to file

---

[2] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[3] Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court, *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974), as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327.

or "commence" this action without prepaying in full the filing fee.  However,  28 U.S.C. §

1915(g), as amended, provides:

> In ***no event*** shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

28 U.S.C. § 1915(g) (emphasis added).  Accordingly, the Court has a responsibility to determine that a plaintiff has not brought actions, on three or more occasions, which have been dismissed as frivolous, malicious or for failure to state a claim before permitting that plaintiff to proceed with an action *in forma pauperis*.  *Id*.

A review of plaintiff's prior proceedings reveals that plaintiff does have three "strikes" and, thus, should not be permitted to proceed with this action *in forma pauperis*.  *See Nelson v. Lee*, 9:05-CV-1096 (DEP)(NAM), Dkt. Nos. 44 and 47; *Nelson v. Hamel*, 9:07-CV-540 (GLS)(RFT), Dkt. No. 4; and *Nelson v. Conway*, No. 04-CV-6163CJS(Fe) (W.D.N.Y. Apr. 21, 2004) (Defendants' Motion (Dkt. No. 40) Ex. B).  This Court has reviewed, and concurs with, the findings of Chief District Judge Mordue, District Judges Sharpe and Siragusa, and Magistrate Judge Peebles, with respect to the prior actions filed by this plaintiff and dismissed by the federal

---

[4]The statute provides the imminent danger exception as "a safety valve for the 'three-strikes' rules to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 562-563 (2d Cir. 2002).  "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Johnson v. Barney*, 2005 WL 2173950, *1 (S.D.N.Y. 2005). *See also, McFadden v. Parpan*, 16 F. Supp.2d 246, 247 (E.D.N.Y. 1998) (imminent danger must be at the time plaintiff seeks to file the suit, not at the time of the alleged incidents).

courts, as detailed in the aforesaid cases.[5]

Further, the Court has reviewed the complaint to determine whether plaintiff is under an imminent danger of serious physical injury. In his complaint, plaintiff alleges that staff at Great Meadow Correctional Facility are threatening to harm plaintiff if he tries to leave his cell for medical appointments to treat gangrene in his lower left leg.[6] Dkt. No. 1 at 5-6. Plaintiff has previously filed allegations regarding this injury, claiming denial of adequate medical treatment and alleging potential amputation of his left leg. *See Nelson v. Lee*, 9:05-CV- 1096; *Nelson v. Nesmith*, 9:06-CV-1177;[7] *Nelson v. Conway*, No. 04-CV-6163CJS(Fe) (W.D.N.Y. Apr. 21, 2004). After reviewing the allegations contained in plaintiff's present complaint, the court concludes that plaintiff's claims do not fall within the "imminent danger" exception.

**B. Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. §1983. Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL

---

[5] In *Nelson v. Lee*, 9:05-CV-1096, Magistrate Judge Peebles stated that the "finding [in *Nelson v. Conway*, No. 04-CV-6163, that plaintiff had three strikes, was] entitled to preclusive effect." *Nelson v. Lee*, No. 9:05-CV-1096, Dkt. No. 44 at 10 (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288-89)).

[6] In his request for injunctive relief, plaintiff indicates that the medical appointments are required to change the dressing on his lower left leg. Dkt. No. 4 at 5.

[7] A motion by the defendants seeking revocation of plaintiff's *in forma pauperis* status and conditional dismissal of his complaint under 28 U.S.C. § 1915(g), absent plaintiff's prepayment in full of the applicable filing fee, is currently pending in *Nelson v. Nesmith*. *See id.* at Dkt. No. 23.

236245, *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (§ 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.") (citation omitted). Parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, No. 92-CV-4288, 1992 WL 380914 (S.D.N.Y., Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady,* 862 F.Supp. 774, 776 (N.D.N.Y. 1994)) (McAvoy, C.J.) (citation omitted)). "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted).

Plaintiff's present complaint fails to allege **specific acts** by **specific defendants**, and thus fails to show personal involvement for most of the defendants in the alleged violation of plaintiff's constitutional rights. In fact, the only defendants mentioned in the body of the complaint are Brady and Gumlaw.[8] Dkt. No. 1 at 5-6.

---

[8] As to these defendants, plaintiff merely alleges that they are threatening to harm him if he leaves his cell for medical appointments. Dkt. No. 1 at 5-6. Words alone, however violent, are not held to amount to an assault. *Hurdle v. Ackerhalt*, No. 92-CV-1673, 1993 WL 71370, *1 (N.D.N.Y. Mar. 8, 1993) (McAvoy, D.J.) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied*, 414 U.S. 1033 (1973)). 42 U.S.C. § 1983 is not designed to rectify harassment or verbal abuse. *Alnutt v. Cleary*, 913 F.Supp. 160, 165-66 (W.D.N.Y. 1996) (citations omitted). Mere allegations of threats and harassment do not rise to the level of a constitutional violation, and are not cognizable under 42 U.S.C. § 1983. *Hurdle,* 1993 WL 71370, *1 (citing *Morgan v. Ward*, 699 F.Supp 1025, 1055 (N.D.N.Y. 1988) (Munson, J.); *Nelson v. Herdzik*, 559 F.Supp. 27 (W.D.N.Y. 1983); *Williams v. Pecchio*, 543 F.Supp. 878 (W.D.N.Y. 1982)).

Plaintiff's complaint is not sufficient to state a claim for the violation of plaintiff's constitutional or statutory rights by the named defendants. Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e). In light of plaintiff's *pro se* status, **upon payment of the full filing fee of $350.00 for this action**, the Court will allow plaintiff an opportunity to file an amended complaint. Plaintiff's amended complaint must allege specific facts demonstrating that a case or controversy exists between plaintiff and the named defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction.

Any such amended complaint, **which shall replace in its entirety the previous complaint filed by plaintiff**, must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of plaintiff's complaint must contain a short and plain statement of facts in support of plaintiff's claims, set forth in sequentially numbered paragraphs. Each paragraph shall set forth one act of misconduct or wrongdoing about which plaintiff complains, and shall include (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred and (v) the nexus between such misconduct and plaintiff's civil and/or constitutional rights.

**C.  Injunctive relief**

Plaintiff has requested that this Court issue a preliminary injunction against the defendants.  Dkt. No. 4.  However, as the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), in order to be granted a preliminary injunction, the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2)

sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id.* at 77 (affirming district Court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F.Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The Court has found that the complaint filed by plaintiff is insufficient and that an amended complaint must be filed for this action to proceed. Without a valid complaint, plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Therefore, the Court denies plaintiff's motion for injunctive relief without prejudice to file a new motion after plaintiff has filed an amended complaint and it has been accepted by Order of this Court.[9]

**III. Conclusion.**

Plaintiff is advised that his failure to (1) prepay the $350.00 filing fee in full **and** (2) file an amended complaint, **within thirty (30) days** of the filing date of this Decision and Order, may result in the dismissal of this action, with prejudice. *See* Fed. R. Civ. P. 41(b).

WHEREFORE, it is hereby

ORDERED, that plaintiff's application to proceed *in forma pauperis* is DENIED, and it further

ORDERED, that should plaintiff wish to proceed with this action, he **must, within thirty (30) days** of the filing date of this Decision and Order, (1) prepay the $350.00 filing fee in full

---

[9] Plaintiff must also pay the full filing fee of $350.00 as directed above.

**and** (2) file an amended complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure and the terms of this Decision and Order, and it is further

ORDERED, that should plaintiff fail to comply with the terms of this Decision and Order, the Clerk return the file to this Court for further consideration, including whether this action should be dismissed, with prejudice, pursuant to Rule 41(b), and it is further

ORDERED, that upon plaintiff's prepayment of the $350.00 filing fee in full **and** the filing of an amended complaint, this matter be returned to the Court for further review, and it further,

ORDERED, that plaintiff's motion for injunctive relief (Dkt. No. 4) is denied without prejudice for the reasons stated above, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff.

Dated: January 29, 2008

Thomas J. McAvoy
Senior, U.S. District Judge